# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JOE NATHAN WOMACK                                       PETITIONER

v.                                                                 No. 4:10CV1-M-A

JOYCE CHILES                                            RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Joe Nathan Womack for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed as untimely filed.

### Facts and Procedural Posture

Joe Nathan Womack was convicted of two counts of armed robbery in the Circuit Court of Leflore County, Mississippi. He was sentenced to serve thirty years on Count I and ten years on Count II to be served consecutively in the Mississippi Department of Corrections. Womack appealed his convictions and sentences to the Mississippi Supreme Court which affirmed the trial court's decision on September 24, 2002. *Womack v. State*, 827 So.2d 55 (Miss. App. 2002). Womack neither filed a motion for rehearing in the Mississippi Court of Appeals nor sought a writ of *certiorari* to the Mississippi Supreme Court.

On December 13, 2004, Womack signed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. On January 5, 2005, the Mississippi Supreme Court dismissed Womack's application for post-conviction collateral relief as procedurally

barred. Thereafter, on February 4, 2009, Womack signed another "Motion for Leave to Proceed in Trial Court" in the Mississippi Supreme Court. On March 25, 2009, the state supreme court dismissed Womack's petition as both successive and time-barred. On January 4, 2010, Womack filed the instant federal petition for a writ of *habeas corpus.*

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Womack never sought a rehearing on this ruling in the Mississippi Court of Appeals. Therefore, fourteen days (the time period during which he could have sought such review) is

added to the date on which his direct appeal ended to determine when his conviction became final. *See* MISS. R. APP. P. Rule 40(a); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, Womack's conviction became final fourteen days after it was affirmed, October 8, 2002 (September 24, 2002 + 14 days). Womack did not file a proper application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) within a year (on or before October 8, 2003) to toll the limitations period.[1] As such, his petition for a writ of *habeas corpus* was untimely filed. *Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 28, 2009, and the date it was received and stamped as "filed" in the district court on January 4, 2010. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 2,273 days after the October 8, 2003, filing deadline.

The petitioner provides proof that neither his attorney nor the appellate court informed him that his conviction and sentence had been affirmed – and that he only discovered the status of his case when he inquired and received a letter from the appellate court on December 22,

---

[1] Although Womack did, several times, seek post-conviction collateral relief in state court, he filed those applications long after the October 8, 2003, federal *habeas corpus* limitations period expired.

2003. The petitioner argues that this factual scenario constitutes a "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14.

Allowing three days for mailing – and another two to account for the Christmas holiday – the petitioner probably received the letter in question on December 27, 2003. He filed his first petition for post-conviction collateral relief 352 days later on December 13, 2004, and the appellate court denied the petition twenty-three days later on January 5, 2005. Assuming, without deciding, that Womack could benefit from equitable tolling from September 24, 2002 (the date his conviction and sentence were affirmed) and December 27, 2003 (the date he likely received actual notice of that fact), his federal petition for a writ of *habeas corpus* would have been due on December 27, 2004. Allowing for statutory tolling during the twenty-three day pendency of Womack *first* application for post-conviction collateral relief (December 13, 2004 through January 5, 2005), Womack's federal petition for a writ of *habeas corpus* would have been due on January 19, 2005. He did not file his federal petition until December 28, 2009 – some 1,804 days after the deadline expired. Thus, even with all the equitable tolling that Womack could even arguably accrue, his federal petition was filed nearly five years too late.

Therefore, the instant petition will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 21st day of July, 2010.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**